**Barbara J. WARREN, Plaintiff and Appellant,**

v.

**Robert L. WARREN, Defendant and Respondent.**

No. 17514.

Supreme Court of Utah.

March 1, 1982.

John D. Parken, Paul H. Proctor, Salt Lake City, for plaintiff and appellant.

Nicholas DeJonge, Salt Lake City, for defendant and respondent.

PER CURIAM:

Appellant filed a "motion for an injunction" in a divorce case, the appeal of which is now pending before this Court. Pursuant to Rule 65A, Utah Rules of Civil Procedure, appellant seeks to restrain the parties from dissipating the assets of the marriage during the pendency of the appeal.

The district court is the proper court to address motions of this type in the ordinary case.[1] Article VIII, Section 7 of the Constitution of Utah provides, in pertinent part, as follows:

> The District Courts or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, *injunction*, quo warranto, certiorari, prohibition and other writs *necessary to carry into effect their orders judgments and decrees* . . . . [Emphasis added.]

This Court is not equipped to take evidence and typically refuses to address issues raised here for the first time. Any jurisdiction we may have in such matters[2] should be invoked only after a party has sought relief in the district court, in all but the most exceptional circumstances.

Appellant's motion is therefore denied.

DURHAM, J., does not participate herein.

---

1. In divorce matters specifically, the district court maintains "continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary." U.C.A., 1953, 30-3-5.

2. Rule 62(g), Utah Rules of Civil Procedure provides as follows:

The provisions in the Rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction, writ of mandate or writ of prohibition during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.